IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| PATRICK CALLAGHAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | 3:15-CV-00531-JO <br><br> OPINION AND ORDER |

JONES, J.,

Plaintiff Patrick Callaghan appeals the Commissioner's decision denying his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Callaghan filed concurrent applications under Title II and Title XVI, alleging disability beginning March 2010 due to a combination of anxiety, depression, obesity, and back problems. Admin. R. 18-19. The ALJ applied the five-step analysis outlined in the regulations to determine whether Callaghan was disabled. Admin. R. 17-18. The ALJ found that Callaghan's symptoms of depression and anxiety adversely affected his ability to work. Admin. R. 21. The ALJ determined that, despite these impairments, Callaghan retained the residual functional capacity ("RFC") to perform a range of work at all exertional levels with limitations on interacting with the public,

-1- OPINION AND ORDER

working as part of a team, and interacting with coworkers and supervisors. Admin. R. 20. The ALJ also found that Callaghan possessed the necessary concentration, persistence, and pace for simple tasks in unskilled and low semi-skilled jobs but should avoid complex tasks. Admin. R. 20. The vocational expert ("VE") testified that a person with Callaghan's RFC could perform the requirements of unskilled occupations such as room cleaner, hand packager, and small products assembler that represent over 1.75 million jobs in the national economy. Admin. R. 23-24. Accordingly, the ALJ concluded that Callaghan was not disabled. Admin. R. 24.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I.   Claims of Error

The claimant bears the burden of showing that the ALJ erred and that any error was harmful. *McLeod v. Astrue*, 640 F.3d 881, 886-87. Callaghan contends the ALJ improperly discounted the lay statements of his ex-wife Jewel Callaghan, without articulating sufficient reasons. Callaghan contends this error was harmful because it led the ALJ to elicit testimony from the VE with hypothetical assumptions that did not accurately reflect all of his limitations and to conclude erroneously that he could perform the occupations identified by the VE.

## II.     Lay Witness Statement

Ms. Callaghan, provided a written third party function report in support of Callaghan's disability claim. She said that Callaghan suffered from depression and anxiety, sleeping problems, medication side effects, and difficulty concentrating, remembering details, staying on task, and interacting with others. Admin. R. 242-48. Ms. Callaghan reported that Callaghan went grocery shopping, performed household chores, prepared food, cleaned dishes, and washed laundry. Admin. R. 243-45.

The ALJ considered Ms. Callaghan's report and his RFC assessment reflects the limitations she described regarding Callaghan's problems interacting with others and maintaining concentration and persistence. The ALJ found that the report deserved little weight to the extent she claimed Callaghan had functional limitations exceeding the RFC assessment. Admin. R. 22. An ALJ must consider the statements of a lay witness, and must give reasons germane to the witness in order to discount them. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). An ALJ need not clearly link the reasons to his determination that the lay witness testimony should be discounted, as long as he notes germane reasons somewhere in the decision and they are supported by substantial evidence. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). For example, when the lay witness's statements are similar to the claimant's subjective statements, then an ALJ's reasons for discrediting the claimant are also germane to the lay witness. *Valentine*, 574 F.3d. at 694.

Here, Ms. Callaghan's statements regarding Callaghan's impairments are essentially the same as Callaghan's subjective complaints. Callaghan alleged severe depression and anxiety, diminished concentration, and difficulty interacting socially. Admin. R. 234-35, 238-40. In discounting the credibility of Callaghan's claims of ongoing debilitating mental limitations, the ALJ found that many

of Callaghan's difficulties derived from temporary situational stressors, that his mental impairments improved, and that his reported daily activities were inconsistent with the debilitating limitations he alleged. Admin. R. 21-22. Callaghan does not challenge the ALJ's credibility determination in this appeal and did not identify any error in the ALJ's analysis.

Ms. Callaghan's statements about depression, anxiety, concentration, and social function closely resembled the subjective statements Callaghan made which the ALJ discounted. Admin. R. 234-35, 238-40, 242, 246-48. The ALJ's rationale for discounting Callaghan's subjective statements applied equally to Ms. Callaghan's function report. Each of his reasons for discounting Callaghan's credibility was also germane to Ms. Callaghan. *Valentine*, 574 F.3d. at 694.

In addition, the ALJ found Ms. Callaghan's statements internally inconsistent. For example, Ms. Callaghan said Callaghan was depressed, anxious, and withdrawn and had great difficulty interacting with others. She said that he had difficulty concentrating, handling money, and suffered from memory loss and dizziness as side effects from his medication. Admin. R. 242, 245-47. When describing his activities, however, Ms. Callaghan said he had ongoing relationships, could independently care for himself, prepare meals, perform household chores, and interact with others sufficiently to carry out transactions while shopping in public. Admin. R. 244-45. Callaghan could concentrate on flight simulation computer games, pay his own bills, and manage his bank account. In addition, despite the alleged side effects of his medications, he declined to change when health care providers offered alternatives, suggesting the side effects were not as bothersome as Ms. Callaghan asserted. Admin. R. 21, 240, 386.

The ALJ found Ms. Callaghan's description of Callaghan's activities inconsistent with her assertion that his limitations were so debilitating that he could not perform any work. The activities

suggested he could engage in limited interactions with the public and coworkers and could maintain concentration, persistence and pace performing simple tasks in unskilled or low semiskilled work. Admin. R. 20, 244, 309-10, 313-20. Such inconsistencies provide a reasonable basis to discount the statements of a lay witness. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Finally, even if the ALJ erred in evaluating the credibility of Ms. Callaghan's lay witness statements, the error was harmless. A reviewing court may not reverse an ALJ's decision for harmless error and the claimant has the burden to establish the error and to show it was harmful. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (an error is harmless if, looking at the record as a whole, the error does not alter the outcome of the case); *Carmickle*, 533 F.3d at 1162-63 n. 4 (an error is harmless if the ALJ's determination remains supported despite the error). Here, the ALJ incorporated the limitations Ms. Callaghan described into his RFC assessment. The ALJ restricted the RFC assessment to work performed primarily alone, with limited public contact and limited interactions with coworkers and supervisors. The VE identified unskilled occupations involving simple tasks which have lesser demand for mental functions such as concentration, memory, persistence, and so forth. Admin. R. 20, 23-24. Accordingly, even if the ALJ had fully credited Ms. Callaghan's statements, the statements would not establish limitations in excess of those in the RFC assessment. In other words, the limitations Ms. Callaghan described would not preclude Callaghan from performing the activities required in the occupations identified by the VE. Callaghan has simply failed to establish any harmful error in the ALJ's evaluation of Ms. Callaghan's statements or in his reliance on the VE's testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

## CONCLUSION

Callaghan's assignment of error cannot be sustained. Accordingly, the Commissioner's final decision is AFFIRMED.

DATED this 26th day of April, 2016.

                                            Robert E. Jones, Senior Judge
                                            United States District Court